UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FIVE PERCENT NUTRITION, LLC**
A Florida limited liability company,

    **Plaintiff,**

v.

CASE NO. _____

**51 Fifty Energy, Inc.,**

    **Defendant.**

_____ /

## COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL

Plaintiff, Five Percent Nutrition, LLC a Florida limited liability company ("Plaintiff"), by and through its undersigned counsel, sues Defendant, 51 Fifty Energy, Inc., a California corporation ("Defendant"), and in support states as follows:

### Nature of Action

1. This is a declaratory judgment action wherein the Plaintiff seeks a declaration from this Court that Plaintiff has the legal right to continue using the 51 50® trademark in interstate commerce in connection with the sale of its nutritional and dietary supplements. Plaintiff owns valuable rights and goodwill in its 51 50® trademark, which it has used continuously since as early as November 1, 2015. Plaintiff also owns a United States federal trademark registration for the 51 50® trademark for nutritional supplements, nutritional supplements for building muscle, nutritional supplements for building energy, and dietary supplements.

2. Defendant has charged Plaintiff's continued use of the 51 50® trademark infringes upon its trademark 51 FIFTY®, and amounts to unfair competition.

3. Defendant has further demanded that Plaintiff "immediately cease and desist from any and all use of the 51 50 trademark" or any confusingly similar mark, and "expressly abandon its" federal trademark registration for same.

### Parties

4. Plaintiff, Five Percent Nutrition, LLC, is a limited liability company duly organized and validly existing under the laws of the State of Florida, with its principal place of business in Clearwater Beach, Florida 33767.

5. On information and belief, 51 Fifty Energy, Inc., is a California corporation operating in Atwater, California, with its principal place of business located at 257 E. Bellevue Road, PMB 5150, Atwater, California, 95301.

### Subject Matter Jurisdiction and Venue

6. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, and 1338(a). This Court also has jurisdiction pursuant to the Lanham Act, 15 U.S.C. § 1121(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this judicial district and/or a substantial part of the property that is the subject of this action is situated in this district.

### Common Factual Allegations

8. Plaintiff is a nutritional supplement provider that sells its products

throughout the United States.

9. Plaintiff uses, and has used, its 51 50® trademark in connection with nutritional supplements since at least November 1, 2015.

10. Plaintiff owns a U.S. Trademark Reg. No. 5,002,480 (the "'480 Registration") for 51 50® in class 5 for nutritional supplements, nutritional supplements for building muscle, nutritional supplements for building energy, and dietary supplements. A true and correct copy of the certificate for which is attached hereto as **Exhibit 1**. This registration is valid and subsisting, and has not been cancelled, revoked, or abandoned.

11. Plaintiff has expended a great deal of time and funds building and promoting the supplement and related products which is associated with the 51 50® name and mark, resulting in substantial goodwill and consumer recognition.

12. As a result of Plaintiff's sales and advertising of its products under the 51 50® mark, the widespread sale and rendition of such products to the public under the 51 50® mark, and the quality of the products sold under the 51 50® mark, such products have come to be, and now are, well and favorably known to the trade and public under the 51 50® mark. The 51 50® mark is a means by which the products are identified as being sold and rendered by Plaintiff.

13. As a result of Plaintiff's sales and advertising, it has built up valuable goodwill in the 51 50® mark, and Plaintiff is the owner of the goodwill and the mark.

14. On December 12, 2016, Defendant's counsel attorney Peter Smith ("Smith") sent a cease and desist letter alleging that Plaintiff's use of the 51 50® mark

constituted trademark infringement and unfair competition and threatening to take "appropriate legal action" unless Plaintiff agreed to (a) cease and desist from any and all use of the 51 50® mark or any other confusingly similar mark; and (b) abandon its trademark registration. A true and correct copy of the correspondence is attached hereto as **Exhibit 2.**

15. Defendant's actions give rise to a case of actual controversy within the jurisdiction of this Court, pursuant to 28 U.S.C. § 2201.

16. Defendant's allegations adversely affect and will continue to adversely affect Plaintiff unless determined on the merits by this Court.

17. To resolve the legal and factual questions raised by Defendant through its demand and to afford Plaintiff relief from the uncertainty related to the controversy Defendant has raised, Plaintiff is entitled to a declaratory judgment regarding its rights and as to Defendant's rights pursuant to 28 U.S.C. §2201.

18. All conditions precedent to the institution and maintenance of this action have occurred or been performed by Plaintiff.

## COUNT I

**No Violation of 15 U.S.C. § 1125(a)- Federal Unfair Competition**

19. Plaintiff realleges paragraphs 1-18 is for fully set forth herein.

20. This is an action for declaratory relief pursuant to 28 U.S.C. §2201.

21. Plaintiff seeks a declaration that Plaintiff's continued use of its mark, 51 50® does not violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as to federal unfair competition.

## COUNT II

**No Violation of 15 U.S.C. § 1114 *et. seq.*- Federal Trademark Infringement**

22. Plaintiff realleges paragraphs 1-18 is for fully set forth herein.

23. This is an action for declaratory relief pursuant to 28 U.S.C. §2201.

24. Plaintiff seeks a declaration that Plaintiff's use of its mark, 51 50® does not violate Section 32 of the Lanham Act, 15 U.S.C. §1114 as to federal trademark infringement.

## COUNT III

**No Violation of 15 U.S.C. § 1125(a) -Federal Trade Name Infringement**

25. Plaintiff realleges paragraphs 1-18 is for fully set forth herein.

26. This is an action for declaratory relief pursuant to 28 U.S.C. §2201.

27. Plaintiff seeks a declaration that Plaintiff's continued use of its mark, 51 50® does not violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) as to federal trade name infringement.

**WHEREFORE**, Plaintiff demands judgment against the Defendant:

(a) Declaring that Plaintiff's use of its mark in connection with the sale of Plaintiff's products does not constitute federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);
(b) Declaring that Plaintiff's use of Plaintiff's mark in connection with the sale of Plaintiff's products does not constitute federal trademark infringement under Section 32 of the Lanham Action, 15. U.S.C. § 1114 *et. seq.*;
(c) Declaring that Plaintiff's use of Plaintiff's mark in connection with the sale of Plaintiff's products does not constitute trade name infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)
(d) Awarding Plaintiff its reasonable attorneys' fees related to this action;
(e) Awarding Plaintiff the costs of this action; and
(f) Awarding such other relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

>*/s/ Suzette Marteny*
>Suzette Marteny, Esquire
>Florida Bar No.: 668591
>Shumaker, Loop & Kendrick, LLP
>101 E. Kennedy Blvd. Ste. 2800
>Tampa FL 33602
>813-227-2272 (Direct)
>813-229-7600 (Main)
>813-229-1660 (Fax)
>smarteny@slk-law.com (primary)
>mschwalbach@slk-law.com (secondary)
>*Attorney for Plaintiff*